UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | Case No.: 1:10 CV 1373 |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| DAN LUTIAN, *et al.*, | ) | |
| | ) | |
|     Defendants | ) | <u>ORDER</u> |

Currently pending in the above-captioned case are: (1) Plaintiff Microsoft Corporation's ("Plaintiff" or "Microsoft") Motion to Strike Defendants Dan Lutian ("Lutian"), Discount Computer Parts, and Burt Tardy's ("Tardy") (collectively, "Defendants") Purported Copyright Misuse and Antitrust Affirmative Defenses (ECF No. 20); (2) Plaintiff's Renewed Motion to Strike Defendants' Affirmative Defenses (ECF No. 56); and (3) Plaintiff's Motion to Strike Purported Copyright Misuse and Antitrust Affirmative Defenses of Defendant Computer Products Unlimited, Inc. ("Computer Products Unlimited") (ECF No. 60).

## I. FACTS AND PROCEDURAL HISTORY

Microsoft sued Defendants for: (1) copyright infringement; (2) federal trademark infringement; (3) false designation of origin, false description and false representation; (4) violation of Ohio Deceptive Trade Practices Act; (5) Common Law Unfair Competition; (6) Imposition of a Constructive Trust; and (7) an Accounting. (First Am. Compl., ECF No. 40.)

Microsoft alleges that Defendants, who are distributors of computer hardware and software, continued to distribute infringing Microsoft software after Microsoft warned them about their illegal activity.

Discount Computer Parts, Lutian, Tardy, and Computer Products Unlimited allege two affirmative defenses that Microsoft maintains should be stricken: (1) copyright misuse; and (2) antitrust. Defendant Computer Products Unlimited was added as a Defendant in this case in Microsoft's First Amended Complaint (ECF No. 40). In Defendant Lutian's Answer to the Amended Complaint (ECF No. 42), he states the following:

> 69. Plaintiff's Amended Complaint is barred or limited because of Plaintiff's copyright misuse. . . .
> 71. Plaintiff's Amended Complaint is barred or limited because of Plaintiff's violation of antitrust laws of the United States, pursuant to 15 U.S.C. § 1115(b)(7).

Defendant Computer Products Unlimited's Answer to the Amended Complaint (ECF No. 58) states the same. Defendant Tardy's Answer to the Amended Complaint (ECF No. 45, ¶ 69) states the same copyright misuse defense but does not include an antitrust defense.

All three of Microsoft's Motions are essentially the same. The first is based on Defendants' original Answers, the Renewed Motion is based on Defendants' Amended Answers, and the third Motion is based on Defendant Computer Products Unlimited's first Answer. Microsoft incorporates the arguments in its first Motion (ECF No. 20) into its second and third Motions.

## II. LEGAL STANDARD

### A. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," including an affirmative defense. Fed. R. Civ. P. 12(f). A motion to strike an affirmative defense "is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *U.S. Sec. & Exch. Comm'n v. Thorn*, No. 2:01-CV-290, 2002 WL 31412440 *2 (S.D. Ohio Sept. 30, 2002) (quoting *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F .Supp. 1078, 1083 (W.D. Mich. 1997)).

However, motions to strike are generally disfavored. In *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted), the Court explained:

> [p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice. . . . The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

Nonetheless, courts retain "liberal discretion" to strike filings as they deem appropriate. *In re Keithley Instruments, Inc.*, 599 F.Supp.2d 908, 911 (N.D. Ohio 2009) (citation omitted).

### B. Pleading Affirmative Defenses

Affirmative defenses must, at minimum, meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp.2d 687, 690 (N.D. Ohio 2010).

Beyond that, the court must decide whether the heightened pleading standards required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) apply to affirmative defense. The Sixth Circuit has yet to rule on this issue. *Microsoft Corp. v. Delta Computers, Inc.*, No. 1:10-CV-1161 (N.D. Ohio Aug. 11, 2010). Courts in this district disagree on whether the *Twombly* and *Iqbal* heightened pleading standards apply to affirmative defenses. *Compare HCRI TRS Acquirer,* 708 F.Supp.2d at 691 (applying the heightened pleading standard to affirmative defenses) with *Microsoft Corp. v. Delta Computers, Inc.*, No. 1:10-CV-1161 (N.D. Ohio Aug. 11, 2010) (declining to apply the heightened pleading standards to affirmative defenses).

This court finds that there is no logical reason why the heightened pleading standard would only apply to complaints and not pleadings generally. Therefore, the court finds that the heightened pleading standards required by *Twombly* and *Iqbal* apply to affirmative defenses. *See HCRI TRS Acquirer*, 708 F.Supp.2d at 690–91 (Although "[d]istrict courts have been divided as to whether *Twombly* and *Iqbal* apply to all pleadings, including affirmative defenses contained in an answer, or if they only govern complaints," this court is of the view that *Twombly* and *Iqbal* apply to affirmative defenses.) *See also Openmethods, LLC v. Mediu*, LLC, No. 10-761-CV-W-FJG, Sl. Cop., 2011 WL 2292149, *2 (W.D. Mo. Jun. 8, 2011) (The court "agrees that the *Iqbal* and *Twombly* standards should apply to affirmative defenses."); *Shinew v. Wszola*, No. 08-14256, Sl. Cop., 2009 WL 1076279, at *4 (E.D.Mich. Apr. 21, 2009) ("The *Twombly* decision also observed that discovery costs required to explore the factual basis for a pleaded claim or defense are a problem."); *United States v. Quadrini*, No. 2:07-CV-13227, 2007 WL 4303213, at *4 (E.D.Mich. Dec. 6, 2007) ("This clarification by the

Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a 'reasonably founded hope' of success, cannot be a pleading standard that applies only to plaintiffs.").

Therefore, "[m]erely listing affirmative defenses is insufficient [as] 'they must be supported by factual allegations.'" *Openmethods*, 2011 WL 2292149 at *2 (quoting *Iqbal*, 129 S.Ct. at 1949). The reason for this is that "[b]oilerplate affirmative defenses that provide little or no factual support can have the same detrimental effect on the cost of litigation as poorly worded complaints." *HCRI TRS Acquirer*, 708 F. Supp.2d at 691. The court also stated that "[a]ffirmative defenses should 'provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of the possibility that it may apply to the case.'" *Id.* (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)). Thus, although an affirmative defense does not have to include "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the [affimative defense] are true." *Twombly*, 550 U.S. at 570.

### III. LAW AND ANALYSIS

Microsoft argues that the affirmative defenses of copyright misuse and antitrust must be stricken because the Defendants do not plead factual allegations in support of these claims. Microsoft relies on *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002) and *HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp.2d 687 (N.D. Ohio 2010). In *Jesse's Computer & Repair*, 211 F.R.D. at 685, the court struck the defendant's affirmative defense of copyright misuse because the defense failed to plead a nexus between the plaintiff's

alleged misuse and the defendant's alleged infringement. In *HCRI TRS Acquirer*, 708 F.Supp.2d at 692, the court struck the defendants' affirmative defense of economic duress because defendants' pleadings did not contain sufficient factual allegations to give rise to this defense, such as "how the [p]laintiff's control might have caused economic duress."

Microsoft further argues that the affirmative defenses fail as a matter of law because both require a nexus between the purported copyright misuse or antitrust violation and the Defendants' infringing acts. See *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. at 684 ("[E]ven assuming *arguendo* that the doctrine of copyright misuse was recognized in the Eleventh Circuit, the Defendant has failed to set forth facts sufficient to establish a nexus between the Defendant's alleged infringing conduct and the Plaintiff's purported copyright misuse."); *Microsoft Corp. v. Computer Support Serv's of Carolina, Inc.*, 123 F. Supp. 2d 945, 955 (W.D.N.C. 2000) ("A copyright abuse defense is a species of the equitable defense of unclean hands, which requires a defendant to show a nexus between the plaintiff's purported misconduct and the defendant's infringing acts."); *Coca-Cola Co. v. Howard Johnson Co.*, 386 F. Supp. 330, 337 (N.D. Ga. 1974) (striking affirmative defenses related to antitrust because "the alleged illegal conduct is only remotely related to the equities in the instant litigation"); *Central Benefits Mut. Ins. Co. v. Blue Cross & Blue Shield Ass'n.*, 711 F. Supp. 1423, 1434 (S.D. Ohio 1989) ("Only a party who is directly and adversely affected by the alleged antitrust violations can raise the antitrust defense against claims of trademark infringement.").

Defendant Lutian argues in response:

> Moving Defendants cannot obtain additional facts relating to their
> copyright infringement and patent misuse affirmative defenses without

> first taking discovery from Microsoft. As discussed in more detail below, both of these affirmative defenses potentially relate to Microsoft's conduct with regard to both Moving Defendants and with third parties, and require discovery of facts that would never be in an infringement defendant's possession at the commencement of litigation. Accordingly, because Rule 8 only requires a specific factual basis for an affirmative defense when that basis is, or ought to be, known to the defendant at the time of answer, it only requires a "short and plain" statement putting the plaintiff on notice of the defense.

(Def. Lutian's Opp. to Mot. to Strike, at 4, ECF No. 22.) Defendant Lutian relies on *Chatelaine, Inc. v. Twin Modal, Inc.*, No. 3:10-CV-676, 2010 WL 3447696 at *2 (N.D. Tex. Aug. 27, 2010), which determined:

> [w]ith respect to all of the remaining affirmative defenses asserted, the court determines that any facts supporting these contentions can and should be fleshed out through discovery. . . . If Plaintiff believes, after adequate discovery, that there is insufficient evidence to support the affirmative defenses asserted, it may renew its motion to strike.

Defendants Tardy and Computer Products Unlimited present similar arguments.

A similar issue arose in *Microsoft Corp. v. Delta Computers, Inc.*, No. 1:10-CV-1161 (N.D. Ohio Aug. 11, 2010). Judge Boyko decided:

> [i]n the within matter, Microsoft has sued Delta Computers for copyright infringement. The Twelfth and Twenty-First Affirmative Defenses of copyright misuse and unclean hands are simple, concise, direct, and plausible. It cannot be said that they lack any relation to the controversy. Microsoft has been given fair notice of the nature of the defenses.

*Id*. at 3. The affirmative defenses at issue in that case were "12. Plaintiff is barred from recovery, in whole or in part, due to copyright misuse" and "21. Plaintiff is barred from relief under the doctrine of unclean hands." Judge Boyko stated, "[t]hus far, the Sixth Circuit has not decided whether the heightened pleading standards of *Twombley* [sic] and *Iqbal* should apply to affirmative defenses; and the district courts within the Circuit are split on the

question." *Id*. at 2 (citing *Ruffin v. Frito-Lay*, No. 09-CV-14664, Sl. Cop., 2010 WL 2663185, at *2 (E.D. Mich. June 10, 2010)).

Defendants here presented similar conclusory defenses.

> 69. Plaintiff's Amended Complaint is barred or limited because of Plaintiff's copyright misuse. . . .
> 71. Plaintiff's Amended Complaint is barred or limited because of Plaintiff's violation of antitrust laws of the United States, pursuant to 15 U.S.C. § 1115(b)(7).

However, as explained above, this court determines that *Twombly* and *Iqbal* apply to affirmative defenses. Thus, although this case is factually similar to the case before Judge Boyko, this court finds that Defendants' affirmative defenses do not comport with the standards in *Twombly* and *Iqbal*. However, as motions to strike are viewed with disfavor, and as the original Motion was made before the close of discovery, the court hereby denies Microsoft's Motion to Strike and allows Defendants an opportunity to amend their affirmative defenses. *See Openmethods*, 2011 WL 2292149, *2 ("[I]n light of the fact that motions to strike are viewed with disfavor, the Court will not strike defendant's affirmative defenses, but rather will allow defendant an opportunity [to] amend its affirmative defenses.")

## IV. CONCLUSION

For the foregoing reasons, the court hereby denies: Microsoft's Motion to Strike Purported Copyright Misuse and Antitrust Affirmative Defenses (ECF No. 20), Microsoft's Renewed Motion to Strike Defendants' Affirmative Defenses, and Microsoft's Motion to Strike Purported Copyright Misuse and Antitrust Affirmative Defenses of Defendant Computer Products Unlimited (ECF No. 60). Defendants must amend their affirmative defenses to

comport with *Twombly* and *Iqbal* within fourteen (14) days from the date of this Order or Defendants' affirmative defenses, as currently written, will be deemed stricken.

    IT IS SO ORDERED.

                                        /S/ SOLOMON OLIVER, JR.
                                        CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

September 27 , 2011